*E-Filed 12/13/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDITH REIMANN and MICHAEL DaRONCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ERICA L. BRACHFELD, THE BRACHFELD LAW GROUP, P.C., MIDLAND FUNGING LLC, MIDLAND CREDIT MANAGEMENT, LLC, and MIDLAND FUNDING NCC-2 CORP., and DOES 1-100, inclusive,<br><br>Defendants.<br>_____/ | No. C 10-04156 RS<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTIONS FOR JUDGMENT ON THE PLEADINGS AS MOOT** |

I. INTRODUCTION

Plaintiffs Judith Reimann and Michael DaRonco filed this class action suit in Alameda County Superior Court for alleged violations of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and California's Unfair Competition Law ("UCL"). Plaintiffs contend that defendants Erica L. Brachfeld and The Brachfeld Law Group ("BLG") engaged in illegal debt collection practices on behalf of defendants Midland Funding, Midland Credit Management, and Midland Funding NCC-2 (collectively "Midland"). Defendants removed the case to this Court, claiming that plaintiffs' claims raise substantial issues of federal law involving interpretation of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs dispute defendants'

characterization of their state law claims and move to remand the case to state court based on lack of subject matter jurisdiction. Additionally, defendants filed two motions for judgment on the pleadings, one by Brachfeld and BLG and a second by the Midland defendants. Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument. For the reasons stated below, plaintiffs' motion to remand is granted and the motions for judgment on the pleadings are denied as moot.

## II.  BACKGROUND

Midland Funding sued Reimann and Midland Funding NCC-2 sued DaRonco to collect alleged debts owed on defaulted credit card accounts that the Midland defendants acquired. Reimann contends that BLG sent collection letters ("dunning" letters) and filed suit on behalf of Midland Funding in Alameda Superior Court without prior meaningful attorney involvement. After she retained counsel who made an appearance in the case, BLG dismissed the collection action. DaRonco also claims that BLG filed suit on behalf of Midland Funding NCC-2 in El Dorado Superior Court without prior meaningful attorney involvement. He maintains he was never served and was unaware of the suit until after Midland Funding NCC-2 obtained a default judgment. He also alleges that the request for default judgment was accompanied by an affidavit containing false assertions, including that the affiant, an agent of Midland, had personal knowledge of the account at issue. Based on these allegations, plaintiffs assert that all defendants except Brachfeld violated the Rosenthal Act and all defendants violated the UCL. Their Rosenthal Act claim relies, at least in part, on California Civil Code section 1788.17, which incorporates the prohibitions and remedies of the FDCPA including 15 U.S.C. sections 1692e, 1692f, and 1692k.

## III.  LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Accordingly, removal jurisdiction exists where a case filed in state court presents a federal question or involves diversity of citizenship and meets the statutory amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. Courts strictly construe the removal statute against finding jurisdiction and the defendant bears the burden of establishing the basis for removal. *Provincial Gov't of Marinduque v.*

*Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).  Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

      A plaintiff may not avoid removal jurisdiction by omitting federal law that is necessary to his complaint or by "casting in state terms a claim that can be made only under federal law." *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209 (9th Cir. Cal. 1998) (citations omitted).  Thus, under the artful pleading doctrine, a court may "delve beyond the face of the state court complaint" in determining whether the exercise of federal question jurisdiction is proper.  *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal quotations and citations omitted).  A state law claim "arises under" federal law when it necessarily raises a stated federal issue that is "actually disputed and substantial." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, (2005).  Federal law must do more than shape the court's interpretation of a plaintiff's state law claim; "federal law must be *at issue*." *Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009) (emphasis in original).

## IV.  DISCUSSION

      California Civil Code section 1788.17 provides that "every debt collector collecting or attempting to collect a consumer debt" must comply with sections 1692b to 1692j of the FDCPA. At issue in the motion to remand is whether plaintiffs' claim incorporating section 1692e, which prohibits false or misleading representations by debt collectors, necessarily implicates a substantial federal question.  Specifically, section 1692e(3) proscribes false representations "that any individual is an attorney or that any communication is from an attorney."  Under federal law, an attorney who regularly engages in the collection of consumer debt, even through litigation, is a "debt collector," subject to the FDCPA.  *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).  Thus, some federal courts, including district courts in California, have held that section 1692e(3) is violated, even if a communication if "from" an attorney, if there was no meaningful attorney involvement. *See*, *e.g.*, *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993) (finding violation of 1692e(3) where "collection letters were not 'from' [attorney] in any meaningful sense of that word"); *Irwin v. Mascott*, 112 F. Supp. 2d 937, 948-50 (N.D. Cal. 2000); *Newman v. Checkrite California, Inc.*, 912

F. Supp. 1354, 1382-83 (E.D. Cal. 1995); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1460-61 (C.D. Cal. 1991).

While California's Rosenthal Act incorporates sections of the FDCPA, it retains one difference significant to the dispute here. The Rosenthal Act expressly excludes attorneys from the definition of "debt collector." *See* Cal. Civ. Code § 1788.2(c) ("The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term . . . does not include an attorney or counselor at law."). Therefore, as plaintiffs admit, if they were to bring a "meaningful involvement" claim, *i.e.*, a section 1693e(3) claim, against Brachfeld, they would have to do so directly under the FDCPA and not through the Rosenthal Act. Plaintiffs, however, explicitly exclude Brachfeld from their Rosenthal Act claim.

Defendants nonetheless argue that any section 1693e(3) claim against the BLG firm raises a substantial question of federal law. They contend that California's attorney exclusion also applies to law firms, relying on one recent case from the Southern District of California. *See Owings v. Hunt & Henriques*, No. 08cv1931-L(NLS), 2010 U.S. Dist. LEXIS 91819, at *6 (S.D. Cal. Sept. 3, 2010). This Court, however, has held that law firms are not shielded from liability under the Rosenthal Act. *See Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547-48 (N.D. Cal. 2005) ("Since the legislature specifically excluded attorneys from the statute but was silent on law firms, this Court presumes that the legislature did not intend to exclude law firms."); *Navarro v. Eskanos & Adler*, No. C 06-02231 WHA, 2007 U.S. Dist. LEXIS 15046, at * 12-13 (N.D. Cal. Feb. 20, 2007); *Owens v. Brachfeld*, No. C 07-04400 JF, 2008 U.S. Dist. LEXIS 63701, at *8 (N.D. Cal. Aug. 19, 2008); *see also Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1061 (C.D. Cal. 2009). Therefore, plaintiffs' section1693e(3) claim may be brought against BLG under the Rosenthal Act and it is not, as defendants argue, a claim that exists only under federal law.

Even if, as defendants insist will happen, plaintiffs borrow a "meaningful involvement doctrine" from FDCPA cases in arguing their Rosenthal Act claim, there is no disputed and substantial federal law at issue. Defendants attempt to identify a substantial question by claiming that district courts in California are divided over the existence and scope of any purported standard

for adequate attorney involvement. In the case on which they rely, however, the court granted summary judgment for the attorney defendant on a section 1692e claim, because "the undisputed evidence show[ed] that he at least reviewed Plaintiff's file and personally made every decision related to the [collection action]." *Taylor v. Quall*, 471 F. Supp. 2d 1053, 1062 (C.D. Cal. 2007). The *Taylor* court characterized the circumstances present in *Clomon*, *Irwin*, *Newman*, and *Masuda* as involving "mass mailing of collection letters containing the signatures of attorneys who never reviewed the involved debtors' individual files." *Id.* at 1061. While the *Taylor* court referred to the holdings of those cases as "limited," it did not call into question the courts' conclusions that section 1692e(3) required meaningful attorney involvement, but merely distinguished the facts present in its case. Thus, defendants in this action fail to establish that plaintiffs' Rosenthal Act claim states a substantial federal question. Furthermore, as defendants contend plaintiffs' UCL claim is derivative of the alleged Rosenthal Act violations, they do not raise any additional arguments for jurisdiction based on that claim. In short, defendants have not met their burden of raising a federal issue sufficient to confer removal jurisdiction over plaintiffs' state law complaint.

## V.  CONCLUSION

Plaintiffs' motion to remand is granted. Pursuant to 28 U.S.C. section 1447(c), they also request attorneys' fees and costs associated with removal and a hearing to determine the appropriate amount. Plaintiffs' request is denied and the case is remanded to Alameda County Superior Court without further proceedings. Defendants' motions for judgment on the pleadings are denied, as the Court is without jurisdiction to consider them.

IT IS SO ORDERED.

Dated: 12/13/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE